Guben, J.
delivered the opinion of the court.
This is a motion against the defendant, as sheriff of Bedford county, for failing to return, with a sufficient response, an execution against George Waite, for $59 95, besides costs, in favor of the plaintiff.
The sheriff’s return is as follows: — “Received sixty one dollars and fourteen cents, that being the debt and damages on this fi. fia. and having an alias execution in my hands in favor of said Waite against James B. Dolby, I applied the money for debt and damages received on thisfi-fia. towards the payment of the fi. fa. in my hand of George Waite against James B. Dolby, which is for one hundred and forty-five dollars besides costs.
JAMES MULLINS, Sheriff.
October 26th, 1S41.”
It is objected that this return is insufficient. 1st. Because mon- - cy cannot be levied on by a fieri facias. 2d. Because if it be subjeetto execution in the hands of defendant, it cannot be taken by the officer until it has been paid to the person entitled to receive it.
1.- As to the first question, whether a sheriff can take money in execution there can be no doubt. The reason given in some of the old cases, “that money could not be sold” is conclusively answered by Chief Justice Marshall, in the case of Turner vs. Fendall, (1 Cranch R. 118) where he says: “The reason of a sale is, that money only will satisfy the execution, and if any thing else be taken, it must be turned into money, but surely *438 that the means of converting the thing into money, need not be used, can be no adequate reason for refusing to take the very article, to produce which is the sole object of the execution.” He also quotes, in support of the proposition that money may be levied on, Dalton’s Sheriff, 145, and 2 Shower, 166. But the reasoning is so conclusive, that authorities are not necessary to support a proposition, which upon principle is' so clear.
2. But as to the second question, whether money in the hands of the sheriff can be levied on, and applied by him to the satisfaction of an execution in his hands, against the owner of the money, we do not think the reasoning of the court in the same case of Turner vs. Fendall, by any means satisfactory.
It is there held that such application cannot be made. The reason given is, that the plaintiff in the execution, is not the legal owner of the money in the officer’s hands, that his claim ujjon the officer is only for a certain sum of money, but that he is not entitled to the specific pieces that constitute that sum. With deference to the judgment of this distinguished tribunal, and especially to the exalted genius and the clear discriminating judgment of the great man who penned the opinion, we are unable to perceive any reason why the money which an officer collects by virtue of a fi-fa. does not belong to the plaintiff in the execution.
.The judgment pronounces that he shall recover the particular sum of the defendant, and the execution commands the officer to make that sum, and the money so made, to have at the next court to render to the plaintiff.
The money so made and received by the sheriff, belongs to some one, and the question is, to whom does it belong? certainly not to the sheriff, until he converts it. It must then belong to the plaintiff. The fact that he cannot maintain detinue, but must bring debt for it, does not prove that it is not his property, but proves only that it is incapable of being identified, and therefore that a form of action that would require such identification cannot be maintained. The difficulty is one of evidence and .not of tide. The same difficulty would exist if money be placed in the hands of a bailee to keep for the owner. It could not bo recovered in detinue, for the same reason. Yet who will *439 say, that if I deposit a dollar in the hands of another, that it ceases to be my money the moment I part with the possession? and yet the principle is the same.
In 1 Durnford and East, 370, Judge Buller decides that money in the hands of a trustee, does not give the possessor, before a conversion, such property in it as to render it liable to his debts. Now certainly the property is in the possessor, or in the cestui que trust. Butifitbein the cestui que trust, it proves that money may be the property of one man and be in the possession of another. Indeed, were the proposition not denied by such high authority, it would seem too plain for argument.
A piece of money may be marked so as to be easily distinguished from all other pieces. If this get into the hands of a person not the owner, detinue may be maintained to recover it. But has the owner any better title to it, than he has to a piece not marked? Surely not — the only difference is, as to the means of proof. But it is further assumed in the opinion under consideration that the ownership of particular pieces of money cannot be acquired until an actual possession of them is obtained.
We do not perceive upon what principle this position is assumed. Ifit be for the reason heretofore discussed, that the identical pieces cannot be recovered in detinue — it is believed a sufficient answer has been given, by showing that this results from a defect of evidence, and not from a want of title, and as other pieces are of equal value, it can make no particular difference, with the owner whether he get his own, or an equivalent in other pieces.
If I. agree to give A ten pieces of money for a hat, which he delivers to B for me, the hat is mine in the hands of B and may be levied on for my debt. And if I receive the hat and deliver to B the ten pieces of money for A, we have seen by the case in Durnford and East, that the pieces do not become the property of B, until he converts them; and if not the property of B, as the ownership must be somewhere, it is certainly in A. Thus the whole argument is defeated — is shown to rest upon the original untenable assumption that the property in the money does not exist until possessionis obtained, because it cannot be recovered in detinue.
*440 The money is paid by the defendant in an execution to the officer for the plaintiff, and it becomes instantly his money, and continues tobe such,’untilthe sheriff converts it. Buthemaynot choose to convert it. He may preserve it in a distinct parcel, so that however impossible it might be for the plaintiff to identify and recover it in detinue — still their can be no difficulty on the part of the officer, ini knowing to whom it belongs.
The case of Staple vs. Bird, in Barnes’ Notes, 214, which is relied on, does not militate against our views. In that case the money did not belong to the plaintiff in the execution, by virtue of which it was collected. Certainly money that does not belong to a party, can no more be levied on, than any other species of property, to which a defendant has no title. Nor is there any greater difficulty, or hazard on the part of an officer, ascertaining the ownership of money, than of other property. In each case he must levy at his peril, or require a bond of indemnity. The absurdity of the doctrine against which we are contending cannot be more forcibly stated than is done, in the opinion under review. “The money (say the court) becomes liable to the execution, the instant it shall be paid into the hands of the creditor, and it then becomes the duty of the officer to seize it. It appears unreasonble that the law should direct a payment under such circumstances. If the money shall be seized the instant of its being received by the creditor, then the payment to him seems a vain and useless ceremony, which might well be dispensed with, and if the money should, by being so paid, be withdrawn from the power of the officer, then his own actwould put beyond his reach, property rendered by law liable to his ex-cution, and which of consequence, the law made it his duty to seize.” The court say the absurdity involved in such a construction led them to a further consideration of the subject.
It would seem, the admitted absurdity was enough to overturn the whole argument, unless that absurdity could be obviated. Let us see how this is to be done. The court go on to say, that as the writ commands the officer to have the monies at court, he should obey the injunction of the writ, and bring the money and both executions to court and get its direction as to the application of the fund. With deference, it seems to us, that this ex- *441 pedieut, instead of avoiding the absurdity, only creates a greater. Executions run from any county in the State to the sheriff of any other county. How, if an execution come from the circuit court of Carter county, in favour of A, to the sheriff’ of Davidson, and an execution be put in the hands of the same sheriff, from Shelby circuit court, can the sheriff’ of Davidson take the money he may collect for A, and both executions to the Carter circuit court to get its direction? It may be that the execution from Shelby, may be returnable several months before the one from Carter, and consequently it must be beyond his power, before it is possible for him to get the direction of the Carter court. How then is the sheriff to do, what it is admitted he must do? Seize this money in satisfaction of the execution from Shelby? Must he count it out to the plaintiff, and then scuffle with him for its possession to satisfy the other execution? But even could he be successful in such struggle, it may be that the party will not apply for his money, until after the return day of the execution against him from Shelby. In that,case the sheriff is compelled, according to the argument, to part with a fund, which the same argument assumes was liable to the execution. But if, as we have seen, the only reason given why the sheriff cannot levy on money in his hands, be, that it does not belong to the party until he gets it into his actual possession, it is not perceived by what better right the court of law, to which the execution is returnable, can direct the application of the money, than the sheriff has without the intervention of the court. The money is still in the hands of the officer, and according to the argument, belongs to him and the creditor has only a demand against the sheriff for so much. Is there any legerdemain in the order of the court, by which it converts money that belongs to the officer into the property of the plaintiff? The truth is, the whole difficulty is the result of the mistaken assumption that because detinue will not lie for money, therefore it cannot belong to a party who has it not in possession.
We understand the uniform practice has been to appropriate money in the hands of an officer, in discharge of an execution against the plaintiff, and we think it is supported by principle, *442 and the opinion under review admits that it is wise and just that such a remedy should exist.
This court too, in the case of Hinkle vs. Blake, sheriff, (2d Hump. R. 574,) sanctioned the practice and we now adhere to the principle decided in that case. Affirm the judgment. •